**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO VERA,<br><br>          Petitioner,<br><br>     v.<br><br><br>CONNIE GIPSON,<br><br>          Respondent. | Case No. 1:13-cv-00814-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S FIRST THROUGH FOURTH CLAIMS WITHOUT LEAVE TO AMEND (DOC. 1)<br>AND TO REFER THE MATTER BACK TO THE MAGISTRATE JUDGE FOR PROCEEDINGS ON THE REMAINING CLAIM(S)<br><br>**OBJECTIONS DEADLINE: 30 DAYS** |

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on May 30, 2013.

     I.   Screening the Petition

     Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a

1

preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

     The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

     Here, Petitioner, an inmate of the California Substance Abuse Treatment Facility at Corcoran, California (CSATF), challenges a decision of California's Board of Parole Hearings (BPH) which he

1 describes as occurring on February 15, 2013.  (Pet., doc. 1, 1.)

2 However, Petitioner also submits an affidavit describing a parole

3 hearing scheduled to take place before the BPH on February 15, 2012,

4 to which Petitioner was not taken.  Instead, on Friday February 10,

5 2012, or on February 17, 2012, Petitioner was transported to a

6 hearing without being notified of the reasons for the hearing.  (Id.

7 at 20.)  At the beginning of the hearing, Petitioner requested a

8 postponement, but the translating officer did not or was unable to

9 communicate that to the hearing officer, who then ordered that

10 Petitioner be removed momentarily from the proceeding.  The hearing

11 proceeded in Petitioner's absence, and he did not have an

12 opportunity to present his case.  A correctional officer gave

13 Petitioner some papers but did not read them to Petitioner.  (Id.)

14      Petitioner's allegations in the petition are truncated and

15 somewhat unclear.  He has attached documentation concerning numerous

16 prison appeals which do not appear to relate directly to the claims

17 before the Court.  The Court will set forth Petitioner's allegations

18 to the extent that they can reasonably be understood.  Petitioner

19 raises the following claims in the petition: 1) a governmental

20 entity, which appears to be a California court, failed to notify

21 Petitioner that a pending case would be dismissed for failure to

22 prosecute based on Petitioner's inability to gain access to the law

23 library, and the court thereby interfered with Petitioner's access

24 to an appeal (pet. 4-5); 2) Petitioner suffered "mail fraud" or

25 "censorship" when on September 27, 2012, he gave records and an

26 informal reply to a correctional officer to mail, the officer

27 refused to sign the proof of service, and Petitioner received a

28 notice from a state court on October 17, 2012, that the records had

3

not been received (id. at 4-6); 3) the CDCR refused to provide

Petitioner with the file review that Commissioner Lopez had ordered

and, therefore, was in contempt of Commissioner Lopez's order (id.

at 7, 40, 67); 4) a preliminary injunction or temporary restraining

order is appropriate because the Kern County Superior Court failed

to grant Petitioner a default judgment in his habeas proceeding (id.

at 7, 31); and 5) a parole hearing was held on or about February 10

or 17, 2012, without notice to Petitioner, without his presence, and

without his having an opportunity to present his case (id. at 20,

67).

II.   Claims concerning Conditions of Confinement

Because the petition was filed after April 24, 1996, the

effective date of the Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,

1499 (9th Cir. 1997).

A federal court may only grant a state prisoner's petition for

writ of habeas corpus if the petitioner can show that "he is in

custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is

the correct method for a prisoner to challenge the legality or

duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th

Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973));

Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C.

§ 1983 is the proper method for a prisoner to challenge the

conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136,

4

1  141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574;

2  Advisory Committee Notes to Habeas Rule 1.

3       Here, Petitioner's first claim concerning interference with

4  access to the courts does not directly concern the legality or

5  duration of Petitioner's confinement; rather, it relates to the

6  conditions under which Petitioner was confined.  Petitioner's second

7  claim concerning interference with his outgoing legal mail also

8  relates to the conditions of Petitioner's confinement and not the

9  legality or duration of that confinement.  Because the claims

10 concern prison conditions, they should be brought in a civil rights

11 action.  Thus, even if leave to amend were granted, Petitioner would

12 not be able to state a tenable habeas claim.

13      Accordingly, Petitioner's two conditions claims should be

14 dismissed without leave to amend.

15      III.  State Law Claims

16      Petitioner's third claim concerning contempt of a state

17 officer's order and his fourth claim concerning the state court's

18 failure to grant a default judgment in a habeas proceeding relate to

19 actions of state judicial or executive officers that were

20 necessarily undertaken pursuant to state law.

21      Petitioner's third claim alleges that the California Department

22 of Corrections and Rehabilitation (CDCR) refused to provide

23 Petitioner with a file review that Commissioner Lopez had ordered,

24 and thus the CDCR was in contempt of Commissioner Lopez's order.

25 The nature and context of the order for a file review are unclear,

26 but the gravamen of Petitioner's complaint is that the CDCR's

27 omission was not in compliance with the order of a state officer who

28

1 apparently was a commissioner of the BPH, and who necessarily was

2 acting according to state law.

3      Similarly, with respect to Petitioner's fourth claim that a

4 state court failed to award Petitioner a default judgment in his

5 habeas corpus proceeding, the Kings County Superior Court

6 expressly informed Petitioner that his motion for default judgment

7 would not be processed because there were no default judgments in

8 habeas corpus.  (Id. at 31.)  The court was thus acting pursuant to

9 its interpretation and application of state law.

10      Federal habeas relief is available to state prisoners only to

11 correct violations of the United States Constitution, federal laws,

12 or treaties of the United States.  28 U.S.C. § 2254(a).  Federal

13 habeas relief is not available to retry a state issue that does not

14 rise to the level of a federal constitutional violation.  Wilson v.

15 Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire,

16 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of

17 state law are not cognizable in federal habeas corpus.  Souch v.

18 Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (an ex post facto claim

19 challenging state court's discretionary decision concerning

20 application of state sentencing law presented only state law issues

21 and was not cognizable in a proceeding pursuant to 28 U.S.C.

22 § 2254); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  The

23 Court accepts a state court's interpretation of state law.  Langford

24 v. Day, 110 F.3d at 1389.  In a habeas corpus proceeding, this Court

25 is bound by the California Supreme Court's interpretation of

26 California law unless the interpretation is deemed untenable or a

27 veiled attempt to avoid review of federal questions.  Murtishaw v.

28 Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

1    Here, there is no basis for a conclusion that the CDCR or the

2  state court attempted to avoid review of federal questions.  This

3  Court is bound by the state court's interpretation and application

4  of state law.  Because Petitioner's third and fourth claims present

5  solely questions of state law, they are not cognizable in a

6  proceeding pursuant to 28 U.S.C. § 2254.

7    Accordingly, Petitioner's claims concerning the CDCR's failure

8  to comply with the order of a state commissioner and a state court's

9  failure to grant Petitioner's motion for a default judgment should

10  be dismissed without leave to amend.  In sum, Petitioner's first,

11  second, third, and fourth claims should be dismissed without leave

12  to amend.

13    Petitioner's pro se petition may be construed as setting forth

14  an additional claim, the fifth, relating to the parole proceedings

15  and the state authorities' failure to provide him with a file review

16  or access to documents before the hearing, notice of the hearing, an

17  opportunity to be present at the hearing, and an opportunity to be

18  heard.  Petitioner cites to cases that articulate due process

19  standards.  Accordingly, the Court understands that Petitioner

20  raises an additional due process claim or claims relating to the

21  denial of an opportunity to have access to his records and the

22  denial of notice and the opportunity to be present and to be heard.

23    In light of the additional claim that would remain pending

24  before the Court if these findings and recommendations were adopted

25  by the District Judge, it will be recommended that after the

26  District Judge has completed consideration of the findings and

27  recommendations, the matter be referred back to the Magistrate Judge

28  for further proceedings on the remaining claim, including

7

1    preparation of an order to the Respondent to respond to the

2    remaining due process claim or claims in the petition.

3         IV.   Recommendations

4         Accordingly, it is RECOMMENDED that:

5         1) Petitioner's first, second, third, and fourth claims be

6    DISMISSED without leave to amend because they are not cognizable in

7    this proceeding pursuant to 28 U.S.C. § 2254; and

8         2) The matter be REFERRED back to the Magistrate Judge for

9    further proceedings on the remaining due process claim or claims,

10   including preparation of an order directing Respondent to respond to

11   the remaining due process claim or claims in the petition.

12        These findings and recommendations are submitted to the United

13   States District Court Judge assigned to the case, pursuant to the

14   provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

15   Rules of Practice for the United States District Court, Eastern

16   District of California.  Within thirty (30) days after being served

17   with a copy, any party may file written objections with the Court

18   and serve a copy on all parties.  Such a document should be

19   captioned "Objections to Magistrate Judge's Findings and

20   Recommendations."  Replies to the objections shall be served and

21   filed within fourteen (14) days (plus three (3) days if served by

22   mail) after service of the objections.  The Court will then review

23   the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

24   The parties are advised that failure to file objections within the

25   specified time may waive the right to appeal the District Court's

26   ///

27   ///

28   ///

1   order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2

3

4

5   IT IS SO ORDERED.

6       Dated:   __**July 16, 2013**__                              _____**/s/ Sheila K. Oberto**_____

7                                                                   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28