**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO VERA,<br><br>             Petitioner,<br><br>    v.<br><br>CONNIE GIPSON,<br><br>             Respondent. | Case No. 1:13-cv-00814-AWI-SKO-HC<br><br>ORDER RE: FINDINGS AND RECOMMENDATIONS (DOC. 7)<br><br>ORDER DISMISSING PETITIONER'S FIRST THROUGH FOURTH CLAIMS WITHOUT LEAVE TO AMEND (DOC. 1), DISMISSING PETITIONER'S ORDER TO SHOW CAUSE AND MOTION FOR INJUNCTIVE RELIEF (DOCS. 10, 11), AND REFERRING THE MATTER BACK TO THE MAGISTRATE JUDGE FOR PROCEEDINGS ON THE REMAINING CLAIM(S) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

I.  Findings and Recommendations

On July 16, 2013, the Magistrate Judge filed findings and recommendations to dismiss without leave to amend Petitioner's first through fourth claims because they are not cognizable in this proceeding, and to refer the matter back to the Magistrate Judge for further proceedings with respect to the claim or claims remaining in the petition.  The findings and recommendations were served on all parties on the same date.  The findings and recommendations advised the parties that objections could be filed within thirty days and replies within fourteen days after the filing of objections.

1

Although on August 20, 2013, Petitioner was given an extension of time to file objections, Petitioner did not thereafter file timely objections; rather, Petitioner filed a motion for an order to show cause and a motion for a preliminary injunction on October 9, 2013.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. The Court has considered the entire file. Further, although they are not submitted as objections, Petitioner's order to show cause and motion for a preliminary injunction, which are addressed more fully herein, were considered; however, the Court concludes that they did not require modification of the findings and recommendations. The Court finds that the report and recommendations are supported by the record and proper analysis.

Accordingly, the findings and recommendations will be adopted in full.

II. Order to Show Cause and Motion for a Preliminary Injunction

Because Petitioner sought an extension of time to file objections and may have intended his filings regarding the preliminary injunction to constitute objections, the Court has reviewed the filings. Petitioner's order to show cause (doc. 10) appears to be a form for scheduling a hearing on an application for injunctive relief; Petitioner appears to ask that the Respondent Warden Gipson be directed to show cause why Respondent should not be restrained from harassing, punishing, and retaliating in any way against "Defendant" for filing "this complaint." (Doc. 10.) The

declaration or affidavit submitted with the request appears to be entirely in the Spanish language.  Petitioner appends to the document a copy of 28 U.S.C. § 1828, part of the Court Interpreters Act, which provides for the provision of interpreters "in criminal actions and in civil actions initiated by the United States (including petitions for writs of habeas corpus initiated in the name of the United States by relators) in a United States district court."  28 U.S.C. § 1828(a).

Here, Petitioner is not a party to a case that was initiated by the United States, whether by relators or otherwise; thus, it does not appear that Petitioner comes within the express terms of 28 U.S.C. §§ 1827 and 1828, which limit the circumstances in which interpreters are to be provided by statute to judicial proceedings instituted by the United States; the only exception is with respect to a party, witness, or other participant in a judicial proceeding, whether or not the proceeding is instituted by the United States, where there is a finding that the person suffers from a hearing impairment and needs a sign language interpreter.  28 U.S.C. § 1827(j), (l).  There is no suggestion that this exception applies to Petitioner.

The United States Supreme Court has not held that there is a freestanding, constitutional right to the assistance of an interpreter; rather, provision of an interpreter is generally within the trial court's discretion.  United States v. Si, 333 F.3d 1041,

3

1043 n.3 (9th Cir. 2003) (citing Perovich v. United States, 205 U.S. 86, 91 (1907)). In this circuit, it has been recognized that in some circumstances an interpreter may be essential to a fair trial and constitutionally required for a criminal defendant in trial proceedings, such as where an interpreter's services are necessary to permit understanding of the proceedings, communication with counsel, or preservation of a defendant's rights to confrontation, cross-examination, or to testify in one's own behalf. See, Chacon v. Wood, 36 F.3d 1459, 1464 (9th Cir. 1994), overruled on other grounds by 28 U.S.C. § 2254 (need for interpreter to facilitate the effective assistance of counsel); United States v. Si, 3233 F.3d at 1043 (collecting cases).

Here, Petitioner is not a criminal defendant, but rather is an initiating party who is proceeding with a petition for writ of habeas corpus. A substantial portion of the habeas petition pending in this action is in the English language. Petitioner has not established a factual or legal basis for an entitlement to an interpreter in the present proceeding.

Accordingly, to the extent that Petitioner is requesting an interpreter in order for him to proceed in this action, Petitioner's request will be denied.

Further, although the document supporting Petitioner's motion for a preliminary injunction is not in the English language and thus is not comprehended by the Court, insofar as the motion is in

4

English, it appears to seek an order directing the warden and prison staff not to retaliate or harass Petitioner. It thus appears that the motion for an injunction challenges the conditions of Petitioner's confinement, and not the fact or duration of that confinement.

It is established that a federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

Because in the motion Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, his claim or claims concerning entitlement to injunctive relief are cognizable in a civil rights action rather

5

than a petition for writ of habeas corpus.

Accordingly, Petitioner's motion for injunctive relief will be dismissed.

III. Disposition

Accordingly, it is ORDERED that:

1) The findings and recommendations filed on July 16, 2013, are ADOPTED in full; and

2) Petitioner's first through fourth claims are DISMISSED without leave to amend because they are not cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

3) Petitioner's request for an order to show cause and motion for a preliminary injunction are DISMISSED because they are not cognizable in this proceeding; and

4) The matter is REFERRED back to the Magistrate Judge for further proceedings on the remaining due process claim or claims in the petition, including preparation of an order directed to the Respondent to respond to the remaining due process claim or claims in the petition.

IT IS SO ORDERED.

Dated: November 8, 2013

SENIOR DISTRICT JUDGE

6