UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GUILLERMO VERA,<br><br>        Petitioner,<br><br>   v.<br><br>CONNIE GIPSON,<br><br>        Respondent. | Case No. 1:13-cv-00814-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY WITHOUT PREJUDICE PETITIONER'S MOTION FOR ENTRY OF JUDGMENT (DOC. 16)<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |
|---|---|

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is Petitioner's motion for entry of judgment, filed on November 12, 2013.

    I.   Motion for Entry of Judgment

In his motion, Petitioner states that he has filed a motion for a preliminary injunction, and he continues to suffer unspecified limitations on access to legal materials in the prison law library, including a limitation to two copies of documents.

1

With respect to the motion for a preliminary injunction referred to by Petitioner, the Court's docket shows that the motion was dismissed at the same time that the Court dismissed some of Petitioner's claims, and the order of dismissal was served by mail on Petitioner on November 11, 2013.

In the order of dismissal, the Court explained that a federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

To the extent Petitioner seeks entry of judgment based on a challenge to the conditions of confinement, Petitioner's motion should be dismissed because a claim concerning conditions of confinement is not cognizable in this proceeding. If Petitioner is requesting that judgment be entered on the merits of the claims pending in his petition for writ of habeas corpus, Petitioner's motion is premature. By order dated November 13, 2013, the Court

directed the Respondent to respond to the claim or claims remaining in the petition.  Thus, the case is not yet ready for decision.

This Court has the inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).  In light of all the proceedings in this case, and considering the prematurity of the motion, the Court should exercise its discretion to deny without prejudice Petitioner's motion for the entry of judgment without requiring the filing of opposition.  Accordingly, it will be recommended that Petitioner's motion for entry of judgment be denied without prejudice.

II.  <u>Recommendations</u>

Based on the foregoing, it is RECOMMENDED that Petitioner's motion for judgment be DENIED without prejudice as premature.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **November 20, 2013**            **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE