**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GUILLERMO VERA,

     Petitioner,

  v.

CONNIE GIPSON,

     Respondent.

Case No. 1:13-cv-00814-AWI-SKO-HC

ORDER DEEMING PETITIONER'S OBJECTIONS (DOC. 17) TO BE A MOTION FOR RECONSIDERATION

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DOC. 17)

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.  Background

On November 18, 2013, Petitioner filed objections to findings and recommendations that issued on July 16, 2013 (doc. 7), and were subsequently adopted by the District Judge on November 12, 2013. Objections to the findings and recommendations had been due on October 22, 2013; thus, Petitioner's purported objections were late by almost a month.  Petitioner did not seek an extension of time to file late objections, and he does not advert to the untimeliness of

1

his objections.  However, he asserts that he suffered delays and obstruction in access to the law library; limited ability to speak, write, and understand English; and the absence of counsel.  In preparing legal documents, he has relied on the assistance of other prisoners with knowledge of the English language and the law.

The Magistrate Judge's findings and recommendations issued in the routine process of the Court's screening the Petitioner's petition.  Petitioner's petition remains pending insofar as Petitioner alleges that violations of his right to due process of law occurred in the course of parole suitability proceedings, such as defects in notice and the opportunity to review records and to be heard.  However, Petitioner's other claims either related to conditions of confinement (access to the courts and interference with outgoing mail) or were based solely on state law (failure to follow the order of a state commissioner and failure to grant a default judgment in a state court habeas corpus proceeding).

II.  <u>Deeming the Objections to be a Motion for Reconsideration</u>

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).  In the interest of the efficient administration of justice, the Court exercises its discretion to consider Petitioner's untimely objections as a motion to reconsider the Magistrate Judge's findings and recommendations.

II.  <u>Motion for Reconsideration</u>

A motion for reconsideration is treated as a motion to alter or

2

amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the time limit set by Rule 59(e).  United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).  Otherwise, it is treated as a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order.  American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 989-99 (9th Cir. 2001).  A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

     A.   Relief pursuant to Fed. R. Civ. P. 59(e)

Petitioner does not appear to state grounds sufficient to warrant relief pursuant to Fed. R. Civ. P. 59(e), which is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes.  School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  To avoid being frivolous, such a motion must provide a valid ground for reconsideration.  See, MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

Here, there has been no demonstration of unusual circumstances, newly discovered evidence, or intervening change in controlling law.

Further, the dismissal of Petitioner's petition was not clearly erroneous.  Because the dismissed claims related to conditions of confinement or were based solely on stated law, the Magistrate Judge correctly determined that the claims should be dismissed without leave to amend.  The Court notes that Petitioner is free to seek

3

relief pursuant to 42 U.S.C. § 1983 with respect to the conditions of confinement of which he complained in his habeas corpus petition; however, the Court does not review claims concerning conditions of confinement in this proceeding pursuant to 28 U.S.C. § 2254.

In summary, Petitioner's motion for reconsideration pursuant to rule 59(e) will be denied.

## B.   Relief pursuant to Fed. R. Civ. P. 60

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order.  Fed. R. Civ. P. 60(c).

Rule 60(b) generally applies to habeas corpus proceedings.  See, Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005).  Although the Court has discretion to reconsider and vacate a prior order, Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored.  A party seeking reconsideration must show more than a disagreement with the Court's decision and offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision.  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

4

Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and re-determine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice, Kern-Tulare Water Dist. v. City of  Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Local Rule 230(j) provides that whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including information concerning the previous judge and decision, what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, what other grounds exist for the motion, and why the facts or circumstances were not shown at the time of the prior motion.

Here, Petitioner's objections generally relate to Petitioner's conditions of confinement; thus, they, provide no legal or factual basis that would indicate that Petitioner is entitled to relief pursuant to Rule 60(b).  Petitioner has not shown any law or facts that reflect any abuse of discretion, clear error, or manifest injustice.

Accordingly, it is ordered that:

1) Petitioner's objections are DEEMED to be a motion for reconsideration directed to the District Judge; and

2) Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   November 20, 2013

_____

SENIOR  DISTRICT  JUDGE

6