1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**

8                        **EASTERN DISTRICT OF CALIFORNIA**

9

10

11   GUILLERMO VERA,                    Case No. 1:13-cv-00814-AWI-SKO-HC

12          Petitioner,                 FINDINGS AND RECOMMENDATIONS TO
                                        DISREGARD PETITIONER'S MOTION TO
13                                      AMEND THE FINDINGS (DOC. 21)

14      v.                              FINDINGS AND RECOMMENDATIONS TO
                                        GRANT RESPONDENT'S MOTION TO
15                                      DISMISS THE PETITION FOR WRIT OF
                                        HABEAS CORPUS (DOC. 14), DISMISS
16                                      THE PETITION FOR WRIT OF HABEAS
     CONNIE GIPSON,                     CORPUS (DOC. 1), DECLINE TO ISSUE A
17                                      CERTIFICATE OF APPEALABILITY, AND
            Respondent.                 DIRECT THE CLERK TO CLOSE THE CASE
18
                                        OBJECTIONS DEADLINE:
19                                      THIRTY (30) DAYS AFTER SERVICE

20

21        Petitioner is a state prisoner proceeding pro se and in forma

22   pauperis with a petition for writ of habeas corpus pursuant to 28

23   U.S.C. § 2254.  The matter has been referred to the Magistrate Judge

     pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.
24
          Pending before the Court are Respondent's motion to dismiss the
25
     petition for failure to state a cognizable claim as well as a motion
26
     filed by Petitioner that will be more fully described below.
27
          I.   Background
28
          On May 30, 2013, Petitioner filed a petition for writ of habeas

                                        1

corpus (doc. 1) in which he raised five claims.[1]  On November 12, 2013, the Court adopted the Magistrate Judge's findings and recommendations issued on July 16, 2013 (doc. 7), and dismissed without leave to amend the first two claims relating to conditions of confinement and not bearing on the legality or duration of Petitioner's confinement, and the third and fourth claims as state law claims, leaving remaining Petitioner's claim(s) concerning a parole hearing allegedly held in February 2012 without due process of law.

On November 18, 2013, Petitioner filed objections to the findings and recommendations issued on July 16, 2013 (doc. 7), and adopted by the District Judge on November 12, 2013.  Objections to the findings and recommendations were due on October 22, 2013; thus, Petitioner's purported objections were almost one month late.  On November 21, 2013, the Court deemed Petitioner's late objections to be a motion for reconsideration and denied the motion.

II.  <u>Motion to Amend the Findings</u>

On December 26, 2013, Petitioner filed a motion to amend the

---

[1] Although the allegations were unclear, Petitioner appeared to have raised the following claims in the petition: 1) a governmental entity, which appears to be a California court, failed to notify Petitioner that a pending case would be dismissed for failure to prosecute based on Petitioner's inability to gain access to the law library; thus, the court interfered with Petitioner's access to an appeal (pet., doc. 1 at 4-5); 2)  Petitioner suffered "mail fraud" or "censorship" when on September 27, 2012, he gave records and an informal reply to a correctional officer to mail, the officer refused to sign the proof of service, and Petitioner received a notice from a state court on October 17, 2012, that the records had not been received (<u>id.</u> at 4-6); 3) the CDCR refused to provide Petitioner with the file review that Commissioner Lopez had ordered and, therefore, was in contempt of Commissioner Lopez's order (<u>id.</u> at 7, 40, 67); 4) a preliminary injunction or temporary restraining order is appropriate because the Kern County Superior Court failed to grant Petitioner a default judgment in his habeas proceeding (<u>id.</u> at 7, 31); and 5) a parole hearing was held on or about February 10 or 17, 2012, without notice to Petitioner, without his presence, and without his having an opportunity to present his case (<u>id.</u> at 20, 67).

2

findings and recommendations concerning dismissal of his conditions
and state law claims.  In the motion, Petitioner does not address
the findings in any particular respect or argue that any new
circumstance requires any reconsideration.

The sixty-six pages of this motion (doc. 21) consist mainly of
documents pertaining to Petitioner's use of the administrative
appeals process in prison concerning his claim that he suffers from
a learning disability consisting of the inability to speak or read
English, requiring a qualified interpreter at various events and
proceedings and the accommodation of submitting administrative
appeals in the Spanish language to satisfy due process of law.  The
documentation includes chronological reports, responses to and
dismissals or rejections of administrative appeals seeking to
proceed in Spanish, warnings, and notifications regarding what the
prison authorities perceived as abuse of the administrative appeal
process due to a multiplicity of filings.  Some portions of the
prison documents that would otherwise be blank are filled with
handwritten matter in Spanish, which presumably was added by
Petitioner.  (See, _e.g.,_ doc. 21 at 5-6, 10-16, 18-28, 30-32, 34-35,
43-44, 49-57.)

The "motion" thus shows that Petitioner has a long-standing and
multi-faceted dispute within the prison over the extent of
accommodations for his alleged inability to speak or write in the
English language.  However, this does not bear on the substance of
the findings and recommendations, namely, the propriety of the
dismissal of Petitioner's conditions and state law claims, which was
based on the nature of the claims and not on the merits of any claim
of entitlement to accommodations.  Further, Petitioner's historical

attempts to obtain accommodations generally are only remotely
related to the remaining claim in the petition concerning procedural
due process in a specific parole proceeding.

The findings and recommendations, which the Court has
previously reconsidered, issued in the normal course of screening
the petition and addressed only the scope of the pleadings.  The
merits of any claim concerning due process were not considered or
determined by the Court when it adopted the findings and
recommendations and dismissed Petitioner's conditions and state law
claims.  Accordingly, it will be RECOMMENDED that Petitioner's
motion to amend the findings be DISREGARDED.

III.  Respondent's Motion to Dismiss the Petition

Respondent moves to dismiss the petition on the ground that
Petitioner fails to state a cognizable claim for relief.  The motion
was filed on January 8, 2014, and Petitioner filed an opposition on
June 6, 2014.  Although the fourteen-day period for filing a reply
has passed, no reply was filed.

A.  Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty Act
of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.
Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,
1499 (9th Cir. 1997).

A district court must award a writ of habeas corpus or issue an
order to show cause why it should not be granted unless it appears
from the application that the applicant is not entitled thereto.  28
U.S.C. § 2243.  Habeas Rule 4 permits the filing of "an answer,
motion, or other response," and authorizes the filing of a motion in

4

1  lieu of an answer in response to a petition.  Rule 4, Advisory

2  Committee Notes, 1976 Adoption and 2004 Amendments.  This provides

3  the Court with the flexibility and discretion initially to forego an

4  answer in the interest of screening out frivolous applications and

5  eliminating the burden that would be placed on a respondent by

6  ordering an unnecessary answer.  Advisory Committee Notes, 1976

7  Adoption.  Rule 4 confers upon the Court broad discretion to take

8  "other action the judge may order," including authorizing a

9  respondent to make a motion to dismiss based upon information

10  furnished by respondent, which may show that a petitioner's claims

11  suffer a procedural or jurisdictional infirmity, such as res

12  judicata, failure to exhaust state remedies, or absence of custody.

13  Id.

14       The Supreme Court has characterized as erroneous the view that

15  a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding.

16  See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257,

17  269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26

18  (1996).  However, in light of the broad language of Rule 4, this

19  circuit has held that motions to dismiss are appropriate in cases

20  that proceed pursuant to 28 U.S.C. § 2254 and present issues of

21  failure to state a colorable claim under federal law.  O'Bremski v.

22  Maas, 915 F.2d 418, 420-21 (9th Cir. 1990).  Accordingly, the Court

23  proceeds pursuant to Rule 4 to consider and determine Respondent's

24  motion to dismiss for failure to state a cognizable federal claim.

25            B.  Alleged Violation of Due Process

26       Petitioner challenges the propriety of the procedures at a

27  hearing or proceeding before a representative of California's Board

28  of Parole Hearings (BPH) in February 2012.  (Pet., doc. 1 at 1, 20.)

5

Petitioner appears to allege that he was not taken to a hearing before the BPH scheduled for February 2012, but he also appears to allege that on either February 10 or 17, 2012, Petitioner was transported to a hearing without being notified of the reasons for the hearing. (Id. at 20.)  At the beginning of the hearing, Petitioner requested a postponement, but the translating officer did not or could not communicate that to the hearing officer, who then ordered that Petitioner be removed momentarily from the proceeding. The hearing proceeded in Petitioner's absence, and he did not have an opportunity to present his case.  A correctional officer gave Petitioner some papers but did not read them to Petitioner.  (Id.)

### 1.  Background

Documentation of the parole process reflects that Petitioner had a life prisoner documentation hearing on February 17, 2012. (Mot. to dismiss, exh. 5, doc. 24-5, 2.)  The hearing was held pursuant to Cal. Code Regs., tit. 15, § 2269.1, which provides for documentation hearings for life prisoners where a commissioner or deputy commissioner of the BPH reviews the prisoner's activities and conduct considering criteria established by state law, documents activities and conduct pertinent to granting or withholding post-conviction credit, and makes recommendations (doc. 24-5, 2).  Cal. Code Regs., tit. 15, § 2269.1.  The information is considered once the BPH establishes a parole date, and thereafter periodic progress hearings are held.  Id.

The record further reflects that Petitioner is serving a sentence that includes a determinate term for aggravated assault and an indeterminate term of thirty years to life for second degree murder.  His minimum eligible parole date is October 2, 2036, and

6

his initial parole hearing is scheduled for September 2, 2035. (Doc. 24-4, 2-7; doc. 24-5, 2.)

## 2.   Conditions of Confinement

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for challenging the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 500. Thus, such claims are within the core of habeas corpus jurisdiction.

This circuit has recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus.  Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir.

2004) (claim challenging the constitutionality of the frequency of parole reviews, where prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement). However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the invalidity of continuing confinement. Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement); Ramirez v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

Here, Petitioner's due process claim or claims do not relate to or affect the duration of his confinement; they concern only the conditions of his confinement. Petitioner's suitability for parole has not yet even been considered. The documentation hearing challenged by Petitioner could not have any effect on the legality or duration of Petitioner's confinement; any consideration of the matter at this point would be purely speculative.

It appears that complete documentation of the challenged procedure is before the Court, but neither Petitioner's express allegations nor the documentary submissions contain specific facts that demonstrate or even suggest that as a result of the challenged procedures, the legality or duration of Petitioner's confinement, as distinct from the conditions of his confinement, was affected. Thus, Petitioner has failed to state a cognizable claim pursuant to § 2254 because the Court's review depends on a challenge to the

8

1  legality or duration of confinement.

2  3.   <u>Due Process Claim</u>

3      Insofar as Petitioner claims that he suffered a violation of

4  due process of law at his documentation hearing, Respondent argues

5  that Petitioner has failed to allege facts showing he is entitled to

6  habeas corpus relief.

7      Rule 2(c) of the Rules Governing § 2254 Cases in the United

8  States District Courts (Habeas Rules) requires that a petition 1)

9  specify all grounds of relief available to the Petitioner; 2) state

10  the facts supporting each ground; and 3) state the relief requested.

11  Notice pleading is not sufficient; the petition must state facts

12  that point to a real possibility of constitutional error.  Rule 4,

13  Advisory Committee Notes, 1976 Adoption; <u>Mayle v. Felix</u>, 545 U.S.

14  644, 669 (2005); <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting

15  <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)).  Allegations in

16  a petition that are vague, conclusory, patently frivolous or false,

17  or palpably incredible are subject to summary dismissal.  <u>Hendricks</u>

18  <u>v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

19      Petitioner alleges he suffered a violation of his right to due

20  process of law at the documentation proceeding because of problems

21  with notice and communication, deprivation of an opportunity to

22  present his case, and delay or obstruction of his presence at the

23  review.  Procedural due process requires that where the state has

24  made good time subject to forfeiture only for serious misbehavior,

25  prisoners subject to a loss of good-time credits must be given

26  advance written notice of the claimed violation, a right to call

27  witnesses and present documentary evidence where it would not be

28  unduly hazardous to institutional safety or correctional goals, and

9

a written statement of the finder of fact as to the evidence relied
upon and the reasons for disciplinary action taken.  Wolff v.
McDonnell, 418 U.S. 539, 563-64 (1974).  Further, if the inmate is
illiterate, or the issue so complex that it is unlikely the inmate
will be able to collect and present the evidence necessary for an
adequate comprehension of the case, the inmate should have access to
help from staff or a sufficiently competent inmate designated by the
staff.  However, confrontation, cross-examination, and counsel are
not required.  Wolff, 418 U.S. at 568-70.

Here, the hearing was for review and recommendations; there was
no loss or identifiable risk of loss of either time credit or
liberty involved in the documentation hearing.  Even where a hearing
results in a discretionary determination of actual parole
suitability, procedural due process mandates only the minimal
requirements set forth in Greenholtz v. Inmates of Neb. Penal and
Correctional Complex, 442 U.S. 1, 12, 15-16 (1979), which include
permitting the inmate to have an opportunity to be heard and to be
given a statement of reasons for the decision made.  Swarthout v.
Cooke, -- U.S. --, 131 S.Ct. 859, 862 (2011) (prisoner subject to
California's parole statute receives adequate process in proceedings
where the parole authority makes a discretionary determination of
parole suitability if prisoner is allowed an opportunity to be heard
and is provided with a statement of reasons why parole was denied).

There is no United States Supreme Court case requiring the
procedural protections set forth in Wolff or even Greenholtz at a
documentation hearing far in advance of a parole suitability
hearing.  See, Williams v. Moeller, no. 2:11-cv-0055 KJM AC P, 2013
WL 147800, *4-*5 (E.D.Cal. Jan 14, 2013) (unpublished) (there is no

independent cause of action under 42 U.S.C. § 1983 for failing to provide advance notice, a staff assistant, and an explanation of the hearing at a documentation hearing, and any future harm was speculative).

A determination on the merits in this proceeding would proceed pursuant to 28 U.S.C. § 2254, which provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the
>
> judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. <u>Cullen v. Pinholster</u>, - U.S. -, 131 S.Ct. 1388, 1399 (2011); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).

A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of

facts.  <u>Williams v. Taylor</u>, 529 U.S. at 405-06.  A state court
unreasonably applies clearly established federal law if it either 1)
correctly identifies the governing rule but applies it to a new set
of facts in an objectively unreasonable manner, or 2) extends or
fails to extend a clearly established legal principle to a new
context in an objectively unreasonable manner.  <u>Hernandez v. Small</u>,
282 F.3d 1132, 1142 (9th Cir. 2002); see, <u>Williams</u>, 529 U.S. at 407.

The Supreme Court has emphasized that an unreasonable
application of clearly established federal law under § 2254(d)(1)
cannot be premised on an unreasonable failure to extend a governing
legal principle to a new context where it should control.  <u>White v.
Woodall</u>, - U.S. -, 134 S.Ct. 1697, 1706 (2014).  Therefore, "'if a
habeas court must extend a rationale before it can apply to the
facts at hand,' then by definition the rationale was not 'clearly
established at the time of the state-court decision.'"  <u>Id</u>. (quoting
<u>Yarborough v. Alvarado</u>, 541 U.S. 652, 666 (2004)).  The Court in
<u>White v. Woodall</u> reiterated the difference between applying rules
that are squarely established by the Court's holdings and extending
a legal principle to the facts of a new case.  The latter is
required only if it is so obvious that a clearly established rule
applies to a given set of facts that there could be no fairminded
disagreement on the question.  <u>White</u>, 134 S.Ct. at 1706.

Here, in light of the Supreme Court's holdings, Petitioner
cannot prevail on his claim that the state court unreasonably
applied clearly established federal law by failing to extend the
procedural requirements for prison disciplinary hearings or parole
suitability hearings to parole documentation proceedings.  A

12

documentation hearing differs significantly in nature, purpose, and effect from the circumstances where the Supreme Court has required the more extensive due process protections to which Petitioner claims to be entitled.  Accordingly, Petitioner has failed to allege specific facts that would warrant relief in a proceeding pursuant to 28 U.S.C. § 2254.

Further, the inadequacy of Petitioner's allegations are based not on a dearth of specific factual allegations, but rather on the nature of Petitioner's claim as relating to a proceeding not within the scope of procedural requirements set forth as clearly established federal law.  Thus, even if leave to amend were granted, Petitioner could not allege a tenable procedural due process claim with respect to the parole documentation hearing.

In sum, it will be recommended that Respondent's motion to dismiss the petition be granted and the petition be dismissed.

IV.   <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have

been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. <u>Recommendations</u>

Based on the foregoing, it is RECOMMENDED that:

1) The Court DISREGARD Petitioner's motion to amend the findings;

2) Respondent's motion to dismiss the petition be GRANTED;

3) The Petition for writ of habeas corpus be DISMISSED without leave to amend;

4) The Court DECLNE to issue a certificate of appealability;

and

5) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 1, 2014**                    **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE