# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VILLA,<br><br>        Petitioner,<br><br>  v.<br><br>CONNIE GIPSON,<br><br>        Respondent. | Case No. 1:13-cv-00814-AWI-SKO   HC<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION<br><br>(Doc. 56) |

Petitioner is a state prisoner serving a determinate term for aggravated assault and an indeterminate term of thirty years to life for second degree murder. Pending before this Court is a motion entitled, "Motion to Amend the Findings Per FedRulCivPro [*sic*] 59." Doc. 56.

## I.     Procedural Background

On May 30, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

On September 12, 2014, the Court adopted the Magistrate Judge's findings and recommendations and dismissed the petition for writ of habeas corpus in the above-captioned case. Petitioner moved to vacate the judgment on January 8, 2015, rearguing the claims made in his petition. On February 20, 2015, the Magistrate Judge filed findings and recommendations to deny the petition to vacate judgment. After multiple extensions of time, Petitioner filed objections to the

1

findings and recommendations on July 7, 2015.  On July 24, 2015, after reviewing the entire file *de novo* and considering Petitioner's objections, the Court adopted the findings and recommendations, denying the motion to vacate the judgment.

On August 3, 2015, Petitioner filed a motion entitled, "Motion to Amend the Findings Per FedRulCivPro 59," which consists of a single sentence, "On about 7/5/2015 Petitioner filed a civil rights action to consolidate the proceedings."  Doc. 56.  The filed materials include an additional motion entitled "Motion to Amend the Findings Recommendations Appropriate Sanctions Per FedRul 37 [*sic*]" (Doc. 56 at 3-8), in which Petitioner again claims to have moved to consolidate various unrelated claims concerning parole and his conditions of confinement.[1]  Attached to the motion are an assortment of documents, including a first-level prison administrative appeal denying Petitioner's claim for services for which he did not qualify based on his ability to read and speak English, health services request forms, a request that this Court provide him with documentation regarding certain California state legislation, multiple pages of a narrative written in Spanish, and a prison library memorandum concerning duplication services available to prisoners.

## II.     Motion for Reconsideration

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  F.R.Civ.P. 59(e).  Because the judgment in this case was entered on September 12, 2014, a Rule 59(e) motion in this case is untimely.  Even if the motion were timely, however, Petitioner could not prevail.

Disagreement with a Court ruling is not grounds for reconsideration.  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Harvest v. Castro*, 531 F.3d 737, 748-49 (9th Cir. 2008).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal. 1996).  "[T]here would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to

---

[1] The Court's review of the four cases that Petitioner has filed in the Eastern District of California revealed that no motion to consolidate was filed in any case of record.

criticisms on their opinions, or speculate on chances from changes of its members." *Roberts v. Cooper*, 61 U.S. 467, 481 (1857).

To succeed in a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). "A party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water District*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). A motion for reconsideration is not a vehicle by which a party may rehash arguments and facts that the court has already considered in making the original ruling. *Rodriguez v. SGLC Inc.*, 2013 WL 6844549 (E.D. Cal. Dec. 24, 2013. The motion before the Court does not meet the criteria for reconsideration.

### III.     Conditions of Confinement

A motion for reconsideration is not an appropriate way to raise new issues, even those that a Petitioner believes may be related to the closed action. New claims must be made in a new action. Petitioner's attempt to introduce his complaints about conditions of confinement into a closed habeas proceeding is doubly inappropriate.

Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973). A plaintiff may not seek both types of relief in a single action. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*. Petitioner could not pursue claims regarding the conditions of his confinement in a habeas action even if the action was not already addressed on its merits and closed

after entry of a judgment.

**IV.     Conclusion and Order**

Since the Court has previously denied Petitioner's prior motion to vacate the September 12, 2014 judgment in this matter, this motion is duplicative, frivolous, and abusive of the Court and the Respondent.  Accordingly, the Court hereby DENIES, with prejudice, the motion to amend the findings pursuant to F.R.Civ.P. 59(e).  No further motions for reconsideration will be considered, and if one is filed, it will be summarily stricken from the record without further notice.

IT IS SO ORDERED.

Dated:   September 11, 2015                          
                                    SENIOR DISTRICT JUDGE